| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL ESPECIAL | | |
| MAGDA NARAH MARTÍNEZ SALAS<br><br>VÍCTOR GALÁN FUNDORA<br><br>Ex Parte | KLCE202300663 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: DDI2014-1238<br><br>Sobre: Divorcio |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Mateu Meléndez y el Juez Marrero Guerrero.

Rodríguez Casillas, juez ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 26 de septiembre de 2023.

Comparece el Sr. Víctor Galán Fundora (señor Galán Fundora o peticionario),[1] quien mediante el *certiorari* epígrafe nos solicita que revisemos dos resoluciones emitidas el 24 de abril de 2023,[2] por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI).

En la primera resolución recurrida, se le ordenó al peticionario la reinstalación inmediata del plan médico a la Sra. Magda Narah Martínez Salas (señora Martínez Salas).

En la segunda resolución, ordenó al peticionario el pago adeudado de pensión alimentaria por la cantidad de $3,750.00.

Las aludidas determinaciones fueron objeto de reconsideración, las cuales fueron declaradas *No Ha Lugar* el 12 de mayo de 2023.

Por los fundamentos que se exponen a continuación, resolvemos denegar el auto de *certiorari*. Veamos.

---

[1] En la comparecencia del *Certiorari* menciona el nombre de Yari E. Robles Carrasquillo, sin embargo, el escrito hace referencia al Sr. Galán Fundadora, por lo que entendemos se debió a un error.
[2] Notificadas el 26 de abril de 2023.

Número Identificador
RES2023_____

**-I-**

De los autos ante nuestra consideración se desprende que, el 10 de abril de 2015 el TPI emitió la Sentencia de Divorcio por Consentimiento Mutuo,[3] en la que se disolvió el matrimonio del señor Galán Fundora y la señora Martínez Salas. Como parte de sus acuerdos, se estableció que:

> **El Peticionario continuará proveyendo plan médico a la Peticionaria** y, le pagará a la Peticionaria la cantidad de un ($1,010,000.00) de la siguiente manera: un primer pago el día de la vista del divorcio por la cantidad de $500,000.00 y un segundo pago de $510,000.00 en o antes del 1 de abril de 2016, y hasta que cumpla con este segundo pago, pasará pensión ex cónyuge de $1,250.00.[4]

En cuanto al hijo, ambos sometieron al TPI una moción informando los acuerdos referentes al menor.[5] Los acuerdos fueron aprobados por el foro de instancia mediante la *Resolución* emitida el 11 de octubre de 2019.[6] Entre los acuerdos, el señor Galán Fundora se obligó a:

> [c]uando así sea ya que el menor está en universidad, las partes acuerdan que **mientras el menor esté en la universidad o fuera de PR, el padre solo pagará la cantidad de $1,250.00 por mes y los meses que el menor esté en PR, sea navidades o verano, pagará la cantidad completa de $5,000.00.** Del menor venir o estar en PR por días, el padre se compromete a pagar todo gasto del menor en esas fechas, sea directamente, como depositando en su ATH, así como sufragará cualquier viaje por asuntos adicionales que requiera el menor estando fuera PR.[7]

Ante el incumplimiento del peticionario, el 6 de marzo de 2023 la señora Martínez Salas radicó *MOCIÓN SOBRE INCUMPLIMIENTO DE ACUERDO AL PLAN MEDICO DE LA SRA. MARTINEZ [sic].*[8] En síntesis, alegó que el peticionario se había obligado a costear el plan médico, sin embargo, canceló el mismo sin previo aviso ni autorización del tribunal. Por lo que solicitó se ordenara al señor

---

[3] Apéndice del *Certiorari*, págs. 2 – 11.
[4] *Id.*, pág. 7. *Énfasis nuestro.*
[5] *Id.*, págs. 12 – 16.
[6] *Id.*, págs. 17 – 20.
[7] *Id.*, pág. 16.
[8] *Id.*, págs. 21 – 22.

Galán Fundadora a reembolsar la suma de $1,824.89 y la restitución el plan médico.

Los días 13 y 14 de abril de 2023 se celebraron las vistas evidenciarias y argumentativas. Entre los asuntos, se atendió el balance de pensión alimentaria de $3,750.00 que adeudaba el peticionario, y la cuestión del plan médico de la señora Martínez Salas.

Atendido los planteamientos, el 24 de abril de 2023 notificada el 26, el TPI emitió dos resoluciones.[9] En la primera resolución, entre otras cosas, ordenó al señor Galán Fundador a reinstalar inmediatamente el plan médico de la señora Martínez Salas, ya que el peticionario se obligó a ello.[10] En la segunda resolución, ordenó al peticionario a pagar la cantidad adeudada de $3,750.00 correspondiente a la pensión alimentaria por los dos meses que el menor estuvo en Puerto Rico.[11] Razonó, que en los acuerdos no surgía prorrateo alguno, por lo que correspondía el pago de $5,000.00 por cada mes.

Ambas resoluciones fueron objeto de reconsideración ante el TPI,[12] las cuales fueron declaradas *No Ha Lugar* el 12 de mayo de 2023.[13]

Inconforme, el 12 de junio de 2023 el peticionario recurrió ante nos mediante el recurso de *certiorari* y señaló los siguientes errores:

> *Erró el TPI, en un claro abuso de discreción, emitiendo una determinación contraria a derecho, cometiendo un craso y manifiesto error en su apreciación de la prueba y estableciendo un patente fracaso de la justicia, al imponer un doble pago de alimentos del menor al no prorratear los días del mes en que el menor recibe alimentos mientras se encontraba en la casa de su madre en PR y los días en que se encontraba en su universidad y recibe alimentos directamente del plan pago por el peticionario, constituyéndose un enriquecimiento injusto de la peticionada y en contra del principio de equidad.*

---

[9] *Id.*, págs. 21, 28.
[10] *Id.*, págs. 25 – 27.
[11] *Id.*, págs. 29 – 30.
[12] *Id.*, págs. 31 – 38.
[13] *Id.*, págs. 39 – 40.

*Erró el TPI, en un claro abuso de discreción, emitiendo una determinación contraria a derecho, cometiendo un craso y manifiesto error en su apreciación de la prueba y estableciendo un patente fracaso de la justicia, al imponer el pago del plan médico de la peticionada, aun cuando ello representa un beneficio de pensión excónyuge del cual la peticionada ya no es beneficiaria, e interpretar que la obligación de dicho pago no cesó cuando termino el beneficio contractual de pensión excónyuge al momento de recibir la totalidad de la liquidación de bienes gananciales por $1,010,000.00, constituyéndose un enriquecimiento injusto de la peticionada.*

El 7 de julio de 2023 compareció la señora Martínez Salas mediante el escrito *OPOSICIÓN A EXPEDICIÓN RECURSO DE CERTIORARI*.

Con la comparecencia de ambas partes, procedemos a resolver.

**-II-**

Sabido es que el auto de *certiorari* constituye *"un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior"*.[14] En ese sentido, se entiende por discreción el *"poder para decidir en una forma u otra, esto es, para escoger entre uno o varios cursos de acción"*.[15]

Por su parte, la Regla 52.1 de Procedimiento Civil,[16] delimita las instancias en que habremos de atender y revisar mediante *certiorari* las resoluciones y órdenes emitidas por los tribunales de instancia, a saber:

*[E]l recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari*

---

[14] *Municipio Autónomo de Caguas v. JRD Construction, Inc., et al,* 201 DPR 703, 711 (2019); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337 – 338 (2012).
[15] *García v. Asociación,* 165 DPR 311, 321 (2005).
[16] *Reglas de Procedimiento Civil* 2009, 32 LPRA Ap. V., R. 52.1.

*en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. […].*

Bajo esa discrecionalidad, la Regla 40 del Reglamento del Tribunal de Apelaciones,[17] establece los siguientes criterios:

*El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:*

    *(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*

    *(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.*

    *(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*

    *(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*

    *(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*

    *(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*

    *(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*

El fin, Nuestro Alto Foro Judicial ha dispuesto que:

*[d]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.*[18]

De manera, que si la actuación del foro recurrido no está desprovista de base razonable ni perjudica los derechos sustanciales de las partes, deberá prevalecer el criterio del juez de primera instancia a quien le corresponde la dirección del proceso.[19]

**-III-**

Nos parece razonable la determinación del TPI al ordenar el restablecimiento inmediato del plan médico de la señora Martínez

---

[17] Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.40.
[18] *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[19] *SLG Zapata- Rivera v. J.F. Montalvo*, 189 DPR 414, 434 – 435 (2013).

Salas, ya que, en la *Sentencia* del 10 de abril de 2015 el señor Galán Fundora se obligó a ello.

Sobre el pago adeudado correspondiente a la pensión alimentaria del menor, del acuerdo aprobado por el TPI no surge prorrateo alguno, sin embargo, allí se dispone que, si en ese mes el menor está en Puerto Rico se debe pagar la cantidad de $5,000.00. Ante ello, la determinación recurrida constituye una decisión correcta, conforme las normas de derecho aplicable y los hechos ante su consideración.

Además, el peticionario no señaló prueba en el expediente tendente a demostrar que el TPI abusó de su discreción o actuó con perjuicio, parcialidad o error manifiesto. Conforme el derecho aplicable, este caso no presenta ninguna de las circunstancias contempladas en la Regla 52.1 de Procedimiento Civil, *supra,* que nos permita expedir el auto solicitado. Tampoco existe justificación alguna para intervenir con las Resoluciones recurridas, a la luz de los criterios establecidos en la Regla 40 del Tribunal Apelaciones, *supra,* por lo que resolvemos denegar la expedición del auto de *certiorari.*

**-IV-**

Por lo fundamentos antes expuestos, se deniega el auto de *certiorari.*

Lo acordó el Tribunal y certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones